## FRANKIE COUGHLIN v. JACOB BARNETT.[2]

### June 12, 1908.

### Nos. 15,543—(43).

Action in the district court for Ramsey county to recover $5,100 for personal injuries. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $750. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*John F. Selb* and *Morton Barrows*, for appellant.

*James R. Hickey*, for respondent.

[1] Reported in 116 N. W. 925.   [2] Reported in 116 N. W. 1133.

PER CURIAM.

Plaintiff paid for passage and took a seat in one of the cars of a "roller coaster," an amusement device operated by defendant. The car came to a stop. A car coming behind struck it. Plaintiff was thrown from the car, and suffered the injuries for which recovery is here sought.

An examination of the record has convinced us that within the familiar rule on the subject, there was enough evidence of negligence on defendant's part to justify its submission to the jury. Inter alia, it was shown that defendant had substituted, for the brass wheels ordinarily used, malleable iron wheels in the rear of the car on which plaintiff was riding; that trial of the car with the new wheels resulted in its stopping at various places on the track; and that, notwithstanding his knowledge to this effect, defendant started another car after the car on which plaintiff was riding had been started. This question was submitted to the jury: "Was there any negligence upon the part of the defendant which caused this collision?" The doctrine whether defendant was a common carrier was not considered. The jury returned a verdict for $750.

It is urged that the verdict was excessive, and that plaintiff's alleged injuries were in a measure the result of malingering. The trial court and the jury saw the witnesses and heard the testimony. Nothing in the record has been called to our attention, nor have we been able to find anything, which would justify setting aside the verdict or reducing it. There was no possible error in the charge of the trial court, which excluded the right to recover for any future apprehended damages and limited the amount recoverable to present injuries.

Affirmed.